THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case Number: _____

| | |
|---|---|
| David Bell, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | **COMPLAINT - - CLASS ACTION** |
| Shapiro & Ingle, LLP, and Grady Ingle, ) ) ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1. This action is brought by Plaintiff David Bell, on behalf of himself and all others similarly situated, for statutory damages against Defendants Shapiro & Ingle, LLP and Grady Ingle, for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter referred to as "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. As shown below, Defendants' form collection letter fails to correctly disclose to consumers the statutory rights that the FDCPA requires they provide to consumers. Defendants' collection letter actually misrepresents those rights and creates a

trap for consumers who, if they follow the Defendants' letter, waive those important, congressionally created rights.

## JURISDICTION

3. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

Venue is proper in this district as all relevant events took place here.

## PARTIES

4. Plaintiff David Bell is an individual who resides in Sanford, North Carolina.

5. Mr. Bell is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. Defendant Shapiro & Ingle, LLP (S&I) is a limited liability partnership organized under the laws of the State of North Carolina.

7. S&I is located at 10130 Perimeter Parkway, Suite 400, Charlotte, North Carolina.

8. S&I is a law firm.

9. S&I's website states, "Our firm stands ready to assist any creditor, big or small, in collecting on delinquent accounts." *See* http://www.shapiro-ingle.com/services.aspx?type=CreditorsRights

10. S&I's website states, "We routinely file suit to recover delinquent accounts and negotiate to maximize clients' returns." *See* http://www.shapiro-ingle.com/services.aspx?type=CreditorsRights

11. S&I is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

12. S&I regularly attempts to collect consumer debts alleged to be due to another.

13. S&I regularly files lawsuits in attempts to collect consumer debts alleged to be due to another.

14. S&I was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

15. Defendant Grady Ingle ("Mr. Ingle") is an attorney licensed by the State of North Carolina.

16. Mr. Ingle is the managing partner of S&I.

17. Mr. Ingle oversees S&I's default management practice.

18. Mr. Ingle is engaged in the collection of debts from North Carolina consumers using the mail, telephone, and/or North Carolina state court system.

19. Mr. Ingle regularly attempts to collect consumer debts alleged to be due to another.

20. Mr. Ingle was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

21. Attorneys have been held to be debt collectors. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. __, __, 130 S.Ct.1605, 1618, 176

L.Ed.2d 519 (2010) and *Heintz v. Jenkins,* 514 U.S. 291, 299, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (1995)

## FACTUAL ALLEGATIONS

22. Mr. Bell incurred an alleged debt to EverBank ("the Debt").

23. The Debt was incurred for personal, family, or household purchases; i.e., a mortgage on his home.

24. The Debt entered default.

25. The Debt is serviced by EverHome Mortgage Company ("EverHome").

26. EverHome retained S&I to initiate a foreclosure proceeding regarding the Debt.

27. S&I is not merely a law firm, but a debt collection mill that uses the North Carolina state judicial system and threats of lawsuits to induce payments.

28. By correspondence dated September 27, 2010, S&I arranged for the preparation and transmittal of a form letter to Mr. Bell at his residence in an attempt to collect the Debt. An unsigned copy of S&I's September 27, 2010, letter to Mr. Bell is attached hereto as Exhibit A.

29. Exhibit A contains:

Re: Original Mortgagors: David W. Bell

\*\*\*
**NOTICE REQUIRED BY THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. SECTION**

**SECTION 1962 et seq. AND STATEMENT OF DEBT PURSUANT TO N.C.G.S. 45-21.16(c)(5a)**

The law firm of Shapiro and Ingle, L.L.P. has been retained to initiate a foreclosure proceeding to foreclose the mortgage on the above-referenced property. The following information is provided to you as required by the Federal Fair Debt Collection Practices Act.

     1.     As of September 27, 2010 the lender has advised that the amount of the debt is $84,149.92. A detailed statement of this debt is shown by Exhibit A.

     2.     The creditor to whom the debt is owed is EverHome Mortgage Company as servicing agent for EverBank.

     3.     The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the current creditor, EverHome Mortgage Company as servicing agent for EverBank. If you choose to dispute the debt, or any portion thereof, or if you choose to request the name of the original creditor, you must notify us within thirty (30) days of the date you receive this letter. If you do not dispute the debt within this period, it will be assumed to be valid by this office.

     4.     If you notify us within thirty (30) days of the date you receive this letter that you dispute the debt or any portion thereof, or if you notify us within thirty (30) days of the date you received this letter you want to know the name of the original creditor if that creditor is different from EverHome Mortgage Company as servicing agent for EverBank, then we will obtain and mail to you verification of the debt and/or the name and address of the original creditor.

> 5. The Fair Debt Collection Practices Act does not require that we wait until thirty (30) days from the date you receive this letter before initiating a foreclosure proceeding. In the event we do initiate a foreclosure proceeding on your mortgage within thirty (30) days from the date you receive this letter, you still retain the right to dispute the debt, or any portion thereof and you also retain the right to request the name of the original creditor if the original creditor is different from the current creditor, EverHome Mortgage Company as servicing agent for EverBank.
>
> 6. If you request proof of the debt or any portion thereof or if you request the name of the original creditor within thirty (30) days from the date you receive this letter, the Fair Debt Collection Practices Act requires us to suspend our efforts to foreclose on your property, even if we have already initiated a foreclosure proceeding, until we mail you information validating the debt and/or we provide you with the name of the original creditor.
> \*\*\*
>
> **PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU ARE ADVISED THAT THIS OFFICE MAY BE DEEMED A DEBT COLLECTOR. ANY INFORMATION OBTAINED CAN BE USED FOR THAT PURPOSE.**

30. <u>Exhibit A</u> was the initial communication from S&I to Mr. Bell regarding the Debt.

31. <u>Exhibit A</u> was sent to Mr. Bell by S&I on behalf of EverHome Mortgage Company.

32. S&I did not send an additional communication to Mr. Bell regarding the Debt within five days of sending <u>Exhibit A</u>.

Page 6

Case 1:11-cv-00741-CCE-LPA   Document 1   Filed 09/15/11   Page 6 of 15

33. <u>Exhibit A</u> does not state that a request for verification must be made "in writing."

34. <u>Exhibit A</u> does not state that a request for the name and address of the original creditor must be made "in writing."

35. If Mr. Bell had disputed the debt orally, S&I would not be bound by 15 USC 1692g(b).

36. That Defendants failed to state that 1) a dispute under Section 1692g(a)(4); or 2) a request for the name and address of the original creditor under Section 1692g(a)(5) must both be in writing is no minor issue. Indeed, Defendants' form collection letter results in a trap for consumers that follow Defendants' chosen language. Indeed, if a consumer disputes a debt orally or requests the original creditor's name and address orally, then the proscriptions of Section 1692g(b) do not apply, and the debt collector is no longer required to cease collection efforts until it provides verification and/or the name and address of the original creditor. Following the instructions in Defendants' collection letter will waive the consumer's statutory rights. That the FDCPA places an affirmative duty upon debt collectors to adequately convey those rights to the consumer makes Defendants' violations particularly egregious.

37. If Mr. Bell had requested the name and address of the original creditor orally, S&I would not be bound by 15 USC 1692g(b).

38. S&I and Mr. Ingle sent <u>Exhibit A</u> in an attempt to collect a debt.

Page 7

39. Mr. Ingle exercises control over the collection process and procedures used by S&I.

## DEFENDANTS' POLICIES AND PRACTICES

40. It is the standard policy and practice of Defendants to use false, deceptive, or misleading representations or means in connection with the collection of any debt.

41. It is the standard policy and practice of Defendants to fail to inform consumers that their request for verification of the alleged debt must be "in writing."

42. It is the standard policy and practice of Defendants to fail to inform consumers that their request for the name and address of the original creditor of the alleged debt must be "in writing."

## CLASS ALLEGATIONS

43. This action is brought as a class action. Plaintiff defines the class as (i) all persons with addresses within the state of North Carolina (ii) who were sent a letter from S&I in the form of <u>Exhibit A</u> (iii) to recover a debt (iv) incurred for personal, family, or household purposes (v) which were not returned undelivered by the United States Postal Service (vi) during the period of time one-year prior to the filing of this Complaint through the date of class certification.

44. The class is so numerous that joinder of all members is impractical.

45. S&I sent letters in the form of <u>Exhibit A</u> to more than 50 persons with addresses in the state of North Carolina to recover a debt incurred for personal, family, or

household purposes which were not returned undelivered by the United States Postal Service during the period of time one-year prior to the filing of this Complaint through the date of class certification.

46. There are questions of law and fact common to the class, which predominate over any questions affecting only individual class members. The principal issue is whether Defendants violated the FDCPA by:

> A) using false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e and e(10);
>
> B) failing to inform consumers that their request for verification of the alleged debts must be "in writing" in violation of 15 U.S.C. § 1692g(a)(4); and
>
> C) failing to inform consumers that their request for the name and address of the original creditor of the alleged debts must be "in writing" in violation of 15 U.S.C. § 1692g(a)(4).

47. There are no individual questions, other than whether a class member was sent a letter in the form of <u>Exhibit A</u>, which can be determined by ministerial inspection of Defendants' records.

48. Plaintiff will fairly and adequately protect the interests of the class.

49. Plaintiff has retained counsel experienced in handling class claims and claims involving unlawful collection practices.

50. The questions of law and fact common to the class predominate over any issues involving only individual class members. The principal issue is whether

Defendants' letter in the form of <u>Exhibit A</u> violates the FDCPA, 15 U.S.C. § 1692 *et seq*.

51. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

52. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal law. The interest of class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual FDCPA action are $1,000.00. Management of these class claims are likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

## COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

53. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

54. Defendants' violations of the FDCPA include, but are not limited to:

   A) using false, deceptive, or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. § 1692e and e(10);

   B) failing to inform consumers that their request for verification of the alleged debts must be "in writing" in violation of 15 U.S.C. § 1692g(a)(4), *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP.*, 217 F.Supp.2d 336 (E.D.N.Y. 2002); *McCabe v. Crawford & Company, Budget Group, Inc., and Budget Rent A Car, Inc.*, 27 F.Supp. 2d 736 (N.D.Ill. 2007); and

C) failing to inform consumers that their request for the name and address of the original creditor of the alleged debts must be "in writing" in violation of 15 U.S.C. § 1692g(a)(5), *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP.*, 217 F.Supp.2d 336 (E.D.N.Y. 2002).

55. As a result of Defendants' violations of the FDCPA, Plaintiff and the class members are entitled to a declaratory judgment and an award of statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff David Bell requests that judgment be entered in his favor and in favor of the class against Defendants Shapiro and Ingle, LLP, and Grady Ingle for:

A. Certification of this matter as a class action;

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D. For such other relief as the Court may find to be just and proper.

DATE: September 15, 2011

                        THE BLEDSOE LAW FIRM
                        By: s/ Joseph A. Bledsoe, III
                        Joseph A. Bledsoe, III Esq.
                        NC Bar 19817
                        The Bledsoe Law Firm
                        3217 Friendly Road
                        Fayetteville, NC 28304
                        (910) 223-3277, FAX: (910) 223-3277
                        jbledsoe@attorneybledsoe.com

KEOGH LAW LTD

      Craig M. Shapiro
      IL Bar 6284475
      101 N Wacker Drive, Suite 605
      Chicago, Illinois 60606
      (312) 726.1092, FAX: (312) 726.7093
      CShapiro@KeoghLaw.com
      LR 83.1(e) Counsel by Special Appearance

ATTORNEYS FOR PLAINTIFF DAVID BELL

Page 12

GERALD M. SHAPIRO
Admitted in Illinois & Florida only
DAVID S. KREISMAN
Admitted in Illinois only
GRADY I. INGLE
Managing Partner

DAVID W. NEILL
DAVID KERN
JASON K. PURSER
JENNIFER RENSING
WENDY M. FLOYD
KIMBERLY A. SHEEK



**Shapiro:Ingle** LLP
10130 Perimeter Parkway, Suite 400
Charlotte, North Carolina 28216

VOICE (704) 333-8107
FAX (704) 333-8156
http://shapiroattorneys.com/nc/

JEFFREY A. BUNDA
JENNIFER A. FISHER
KYLE STEWART
JONATHAN P. WILLIAMS
TAMARA R. CORNISH

September 27, 2010

David W. Bell
2020 Lee Ave
Sanford, NC 27330

Re: Original Mortgagors: David W. Bell
Property Address: 2020 Lee Ave, Sanford, NC 27330
Our file No.: 10-008255

**NOTICE REQUIRED BY THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 U.S.C. SECTION 1692 et seq. AND STATEMENT OF DEBT PURSUANT TO N.C.G.S 45-21.16(c)(5a)**

The law firm of Shapiro and Ingle, L.L.P. has been retained to initiate a foreclosure proceeding to foreclose the mortgage on the above-referenced property. The following information is provided to you as required by the Federal Fair Debt Collections Practices Act:

    1. As of September 27, 2010 the lender has advised that the amount of the debt is $84,149.92. A detailed statement of this debt is shown by Exhibit A.

    2. The creditor to whom the debt is owed is EverHome Mortgage Company as servicing agent for EverBank.

    3. The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the current creditor, EverHome Mortgage Company as servicing agent for EverBank. If you choose to dispute the debt, or any portion thereof, or if you choose to request the name of the original creditor, you must notify us within thirty (30) days of the date you receive this letter. If you do not dispute the debt within this period, it will be assumed to be valid by this office.

    4. If you notify us within thirty (30) days of the date you receive this letter that you dispute the debt or any portion thereof, or if you notify us within thirty (30) days of the date you received this letter you want to know the name of the original creditor if that creditor is different from EverHome Mortgage Company as servicing agent for EverBank, then we will obtain and mail to you verification of the debt and/or the name and address of the original creditor.

    5. The Fair Debt Collection Practices Act does not require that we wait until thirty (30) days from the date you receive this letter before initiating a foreclosure proceeding. In the event we do initiate a foreclosure proceeding on your mortgage within thirty (30) days from the date you receive this letter, you still retain the right to dispute the debt, or any portion thereof and you also retain the right to request the name of the original creditor if the original creditor is different from the current creditor, EverHome Mortgage Company as servicing agent for EverBank.

    6. If you request proof of the debt or any portion thereof or if you request the name of the original creditor within thirty (30) days from the date you receive this letter, the Fair Debt Collection Practices Act requires

**EXHIBIT A**


Case 1:11-cv-00741-CCE-LPA   Document 1   Filed 09/15/11   Page 13 of 15

us to suspend our efforts to foreclose on your property, even if we have already initiated a foreclosure proceeding, until we mail you information validating the debt and/or until we provide you with the name of the original creditor.

7. Please be advised that if your personal liability for this debt has been discharged in a bankruptcy proceeding, this Notice is provided solely to foreclose the mortgage remaining on your property and is not an attempt to collect the discharged personal obligation.

Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call **(704) 971-6363**. You may also send an email to **ncfigs@logs.com**.

Any written requests should be addressed to:

Fair Debt Attorney
Shapiro & Ingle, LLP
10130 Perimeter Parkway, Suite 400
Charlotte, NC 28216

**PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU ARE ADVISED THAT THIS OFFICE MAY BE DEEMED TO BE A DEBT COLLECTOR. ANY INFORMATION OBTAINED CAN BE USED FOR THAT PURPOSE.**

EXHIBIT A

Statement of Debt
Dated: September 27, 2010

AMC

| | |
|---|---|
| Principal Balance: | 81,402.34 |
| Accrued Interest: | 1,514.86 |
| Accrued Late Charges: | 319.24 |
| Escrow Advance: | 298.48 |
| Foreclosure Fees & Costs: | 375.00 |
| Other Fees Due: | 210.00 |
| Duplicate Statement Fee: | 10.00 |
| Priority Handling: | 20.00 |
| TOTAL PAYOFF: | $84,149.92 |

Per Diem Interest: $7.25